# Englert, Coffey, McHugh & Fantauzzi, LLP
## Attorneys at Law

---

DENNIS M. ENGLERT
PETER V. COFFEY
PETER B. McHUGH
JOHN A. FANTAUZZI

GREGORY E. SCHAAF
BARBARA L. GUZMAN

MAX H. HERSHKOWITZ
(1933-2000)

224 STATE STREET
P.O. BOX 1092
SCHENECTADY, NY 12301-1092

TEL. (518) 370-4645
FAX (518) 374-5422

SERVICE BY FAX NOT ACCEPTED

May 8, 2012

Patrick R. Burns, Esq.
First Assistant Director
Minnesota Office of Lawyers Professional Responsibility
1500 Landmark Towers
345 St. Peter Street
St. Paul, MN 55102-1218

Re: **Ann McAllister Olivarius**

Dear Mr. Burns:

I write regarding the case of the Committee on Professional Standards – Ann McAllister Olivarius and the decision of the Supreme Court, Appellate Division of the State of New York dated April 5, 2012.

This decision resulted in revoking Ann Olivarius' admission to the New York State Bar. This was a complex matter. As a matter of background, Ann Olivarius applied for admission to four States contemporaneously (within approximately one year of each other) and the only application which had the deficiencies found by the Court in New York was the New York application. The other applications to Minnesota, Idaho and New Hampshire were submitted as evidence in this hearing and the Referee appointed in the matter stated:

> It is hard to understand the failure of respondent to list these litigations responding to question 13(e) of her admission application given her listing of these litigations in her applications to the Minnesota Bar (ResEx10), Idaho Bar (see ResEx11), and New Hampshire Bar (see ResEx9). The conclusion that seems reasonable is that the omissions by respondent were not done with an intent to conceal or deceive but was the result of negligence and lack of due care.

This finding of the Referee was repeated by the Supreme Court, Appellate Division when it said "in mitigation, we acknowledge the Referee's conclusion that respondent's failure was more due

1

SCANNED
AUG 1 5 2012
MV
U.S. DISTRICT COURT ST. PAUL

to carelessness than an intent to deceive or defraud this Court and its Committee on Character and Fitness, and we acknowledge the positive character testimony on respondent's behalf".

I have been practicing law in New York for 47 years, with a strong concentration in lawyer discipline for 25 years. I served on the Committee on Professional Standards of the Third Appellate Division for 6 years and was Chairman for 1 year. I know of no other case -- and I am not going to make a universal statement -- but I have not found a single one where the Court in revoking a license because of failures in the application went on to state that its decision was "without prejudice to respondent's renewal of her application for admission based upon the record in this proceeding and any additional information requested by the Committee on Character and Fitness". The Court in this case **imposed no discipline** – no censure, suspension, disbarment, or any waiting period before reapplication. Indeed it invited a prompt reapplication. It is obvious that the Court did not see any underlying conduct which would support a conclusion that Ann Olivarius' character, integrity and fitness as a lawyer was called into question. It is simply that the application was a mess.

Obviously **and most importantly** this proceeding is not over. It continues with Ann Olivarius submitting a new application with the deficiencies in the original application corrected so that the application is in accord with the full disclosures made in the other states.

I know that some states use "revocation of license" and disbarment" interchangeably, but that is not the case in New York, and other states should not import their usage into the meaning intended by the Order. Courts of the State of New York specifically distinguish between revocation and disbarment. When they wish to impose serious punishment for lapses in a bar application, they do disbar – which the Appellate Division in Ann Olivarius' case refused to do. In *In Re Osredkar*, 23 AD3d 199 (4th Dept. 2005), the Court weighed both options, stating at p. 2001-2002:

> "We conclude, however, that respondent has amply demonstrated that he lacks the requisite character and fitness to practice law. Consequently, **we decline to revoke his admission and place him in the position that he was at the time of his original application for admission** (see, *Kinino*, 10 AD3d at 196). **Accordingly, we conclude that the respondent should be disbarred."** (Emphasis supplied.)

Here the Court drew a clear distinction between revoking the admission of the attorney and disbarring the attorney.

In some cases the New York Courts simply disbar. In the case of *In Re McDaniel*, 263 AD2d 209 (1st Dept. 1999), where the attorney was charged with making material misrepresentations on his application, the Court held at p. 211: "The petition to confirm the hearing panel's determination, confirming the referee's report and recommendation, should be granted and respondent should be disbarred." The Court could have revoked but instead disbarred. To the same effect is the case of *Matter of Price*, 226 AD 460 (4th Dept. 1929), a case involving

2

fraud and misrepresentation in connection with the attorney's application. In its order, the Court stated at p. 467 as follows:

> "An Order should be entered setting aside the report of the Referee and disapproving and reversing certain findings of fact and conclusions of law, and making new findings and conclusions, and revoking the Order heretofore made admitting respondent to practice in the Courts of record of this State and disbarring him from further practice therein."

Again, in that case, the Court disbarred rather than revoked the respondent's admission.

In other cases New York courts revoke the attorney's admission rather than disbar. Without indulging in a string of citations, the following cases are submitted in support of this proposition. In *Matter of Emanuel Oluremivamisile*, 3 AD3d 10 (2nd Dept. 2003); *Matter of Mishkoff*, 135 AD2d 57 (2nd Dept. 1988) [this case again explicitly distinguishes between disbarment and revocation of admission, stating at p. 59: "Were it not for this revocation, the professional misconduct of which the respondent has been found guilty would have resulted in his disbarment, even after taking into consideration the mitigating circumstances advanced by him."]; *In Re Moskovitz*, 169 AD 527 (1st Dept. 1915); *Matter of Schecht*, 242 AD 495 (1st Dept. 1934); *In Re Spinner*, 19 AD3d 803 (3rd Dept. 2005). In every one of these cases the Court took the view, as stated in *In Re Spinner* at p. 804:

> "We conclude that the proper sanction for making materially false statements on an application for admission to the bar is **revocation** of an attorney's admission pursuant to Judiciary Law § 90 (2)."

The Court leaves it at that. In these latter cases, the attorney is not disbarred; instead admission is revoked, and no chance of readmission is mentioned.

What is absolutely significant in our case is the uniqueness of the Third Department's Decision, which stated:

> "Under the particular circumstances presented, we conclude that respondent's application for admission should be revoked but **without prejudice to respondent's renewal of her application** for admission based upon the record in this proceeding and any additional information requested by the Committee on Character and Fitness."

There may be another case containing such a provision, but I am not aware of one. This Decision is all but unique. It would, in my opinion, be wrong to take any action impacting upon Ann Olivarius' right to practice in other jurisdictions based upon this Decision as it is clear that the matter is still open and is not concluded. The reapplication process will go forward **as invited by the Third Department**. While it is not a preordained conclusion, it is difficult to imagine the

3

Court would invite such reapplication if it did not think that with a proper reapplication properly documented, Ann Olivarius should be readily admitted.

On that basis I strongly urge that no authority take any action restricting Ann Olivarius' right to practice in any jurisdiction until the final conclusion is made by the Committee on Character and Fitness of the State of New York based upon a new application.

Very truly yours,

PETER V. COFFEY

PVC:mm